IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GLEN RAY MADSEN,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-151-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On December 11, 2018, Petitioner Glen Ray Madsen, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Madsen is a state prisoner proceeding pro se.

### I.   Motion to Proceed In Forma Pauperis

Madsen has motioned the Court to allow him to proceed in forma pauperis.

---

[1] Under the "prison mailbox rule," a prisoner's federal habeas petition is deemed filed when it is delivered to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).

(Doc. 2.) Although Madsen provided what appears to be a statement from a personal checking account rather than his prisoner account statement, *see* (Doc. 2-1), there is no reason to delay this matter and the motion to proceed in forma pauperis will be granted.

## II.     28 U.S.C. § 2254 Petition

Madsen challenges a five-year prison sentence handed down in Montana's Sixteenth Judicial District, Custer County. (Doc. 1 at 2-3.) Madsen believes his sentence has not been calculated correctly because he has not received credit for a prior term of incarceration or for the time he spent on probation. *Id*. at 4, ¶ 13(A)(i). Madsen acknowledges that he has not presented this claim to the state courts. *Id*. at 4-5. Madsen does not specify the relief he seeks from this Court. *Id*. at 7, ¶ 16.

### i.     Analysis

Madsen's petition should be dismissed because any claim he seeks to advance relative to his sentence and current custody has not yet been exhausted in the state court system. Dismissal should be without prejudice.

On the same day this Court received Madsen's federal habeas petition, the Montana Supreme Court received a state habeas petition. *See State v. Madsen*, DA

18-0699, Pet. (filed Dec. 17, 2018).[2] In his state habeas petition Madsen does not challenge his sentence calculation, but rather he seeks the Montana Supreme Court's intervention and assistance in his pursuit of a medical parole. *Id*. at 2.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

---

[2] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed December 19, 2018).

3

As set forth above, a review of the Montana Supreme Court Docket reveals that Madsen has, in fact, been able to access the state courts. He currently has a state habeas petition pending. Madsen may be able to amend his state habeas petition and include the claim he seeks to advance before this Court. Because there are still remedies available to Madsen under state law, he has not yet exhausted his available state court remedies and this Court cannot review the claim. *See, Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Madsen may return to this Court if and when he fully exhausts the claim relative to his sentence and current custody with the state courts.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Madsen has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

### ORDER

1. Mr. Madsen's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

### RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Madsen may object to this Findings and Recommendation within 14

days.³ 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Madsen must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 19th day of December, 2018.

>  */s/ John Johnston*
> John Johnston
> United States Magistrate Judge

---

³  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Madsen is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.